UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Corey Rae Willis,

       Plaintiff

v.

Bob Falkner, et al.,

       Defendants

Case No. 2:22-cv-01154-CDS-BNW

**Order Granting Defendants' Motions for Leave to File Exhibits Under Seal and File Supplemental Exhibits Relating to the Defendants' Motion for Summary Judgment**

[ECF Nos. 58, 62]

Plaintiff Corey R. Willis brings this civil-rights action under 42 U.S.C. § 1983, alleging a deliberate medical indifference claim in violation of his Eighth Amendment rights. *See* First am. compl., ECF No. 5. The defendants' move for leave (1) to seal certain exhibits related to their motion for summary judgment and (2) to file supplemental exhibits.[1] *See* Mots. for leave, ECF Nos. 58, 62. There are no oppositions filed for either motion. For the following reasons, I grant the defendants' motions to file exhibits F, G, H, I, and L under seal, and for leave to file supplemental exhibits Q, R, S, and T.

I.    Discussion

    A.  Motion for leave to file exhibits under seal

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). And "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Kamakana*, 447 F.3d 1178–79 (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

---

[1] A separate order will issue resolving the motion for summary judgment (ECF No. 57).

On April 4, 2025, the defendants filed a motion for leave to file under seal exhibits F, G, H, I and L in support of their motion for summary judgment. *See* ECF No. 58. The defendants seek to file these exhibits under seal because they contain Willis's medical records. *Id.* at 2. Specifically, the exhibits contain Willis's medical conditions, sensitive information about his treating physicians, and medical notes about his treatment. *Id.* Willis did not file an opposition to this motion.

Here, the defendant's request is narrowly tailored, as the defendants are seeking to seal limited exhibits, not all exhibits related to the summary judgment motion. Further, medical records containing private, confidential, and sensitive information, are often ordered to be filed under seal. *E.g. United States v. Bradley*, 2020 U.S. Dist. LEXIS 119962, at *21 (E.D. Cal. July 6, 2020). In reviewing the exhibits the defendants seek to seal, I find compelling reasons exist to grant their request so defendants' motion to seal exhibits F, G, H, I, and L containing the plaintiff's medical information is granted.

### B. Motion for leave to file supplemental exhibits

On April 17, 2025, the defendants filed a motion for leave to file supplemental exhibits Q, R, S, and T related to their motion for summary judgment. *See* ECF No. 62. The defendants assert that these exhibits are filed solely to certify the authenticity of exhibits previously filed in their motion for summary judgment. *Id.* at 2. The defendants further explain that the declarations were not previously filed with the motion because there were unexpected absences by NDOC administrative staff prior to filing their motion. *See id.* at 3–4. Willis did not oppose this motion. Moreover, this motion for leave was filed prior to Willis filing his opposition to the motion for summary judgment. *See* Opp'n, ECF No. 64.

The Court may grant leave to file supplemental authority "for good cause." *See* Local Rule 7-2(g). Good cause may exist when the proffered supplemental authority is particularly helpful. *See Alps Prop. & Cas. Ins. Co. v. Kalicki Collier, LLP*, 526 F. Supp. 3d 805, 812 (D. Nev. 2021). Moreover, failure of an opposing party to file points and authorities constitutes that party's consent to the

granting of the motion. *See* Local Rule 7-2(d). I grant the defendants' motion. Upon review of the exhibits, I find that the supplemental exhibits serve the purpose of authenticating previously submitted exhibits in the motion for summary judgment. *See* ECF No. 57. So under my inherent authority to manage and control the docket, *Ready Transp., Inc. v. AAR Mfg.*, 627 F.3d 402, 404 (9th Cir. 2010), I grant the defendants' motion for leave to file supplemental exhibits to their motion for summary judgment.

II.     Conclusion

IT IS ORDERED that the defendants' motion for leave to seal exhibits F, G, H, I, and L **[ECF No. 58] is granted**. The Clerk of Court is kindly instructed to maintain the seal on ECF No. 59.

IT IS FURTHER ORDERED that the defendants' motion for leave to file supplemental exhibits Q, R, S, and T **[ECF No. 62] is granted.**

Dated: December 15, 2025

_____
Cristina D. Silva
United States District Judge